UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARYLIN JENKINS, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:14-cv-00537-RDP |
| ERIC K. SHINSEKI, Secretary of the Veterans Affairs, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss and, in the Alternative, to Transfer (Doc. 12), filed November 6, 2014, and Plaintiff's Motion for Leave and Response to Defendant's Motion to Dismiss (Doc. 17), filed November 18, 2014.  The Motions (Docs. 12, 17) have been briefed.  (Docs. 17, 18).  For the reasons outlined below, Defendant's Motion (Doc. 12) is due to be granted, and Plaintiff's Motion (Doc. 17) is due to be denied.

Defendant's Motion (Doc. 12) is due to be granted insofar as it seeks to transfer the case to the United States District Court for the Middle District of Alabama.  In this case, venue is improper in the Northern District of Alabama.  Title VII's venue provision states, in relevant part, that the appropriate venue for Title VII claims is:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained or administered, or in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3).  Title VII's venue provision has been made applicable in actions brought against federal employers pursuant to 42 U.S.C. §2000e-16(d), and preempts all other

federal venue provisions that might otherwise apply. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). Therefore, venue in the Northern District of Alabama cannot, as Plaintiff argues, be sustained under 28 U.S.C. § 1391. (*See* Doc. 17). In an unpublished decision which the court finds persuasive, the Eleventh Circuit has made clear that "[t]he venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." *Pinson*, 192 F. App'x at 816.

Plaintiff asserts that venue here is proper, but bases that assertion on the following: "A substantial part of the unlawful employment practices challenged in this action occurred in Tuscaloosa County, Montgomery County *and Jefferson County, Alabama*." (Compl. ¶ 3 (emphasis added)). However, as Defendant has pointed out, a number of Plaintiff's evidentiary submissions tend to show that Plaintiff was employed in Montgomery County and that all of the alleged unlawful employment practices occurred during the course of her employment in Montgomery County. (*See* Doc. 18, at 2-3 (citing Doc. 1, Compl. ¶¶ 13-27; Doc. 12, Def.'s Mot. to Dismiss, Ex. 1; Doc. 17, Pl.'s Resp., Ex. 2)). Montgomery County is located in the Middle District of Alabama. Plaintiff has not offered any evidence or information to show that any alleged unlawful employment practices occurred in Jefferson County, or that any of the relevant employment records were kept there.[1] Plaintiff has failed to carry her burden of showing that venue in this forum is proper.

---

[1] Plaintiff also argues that "Defendants do not maintain that its only place of business is in Montgomery, Alabama which is located in the Middle District of Alabama." (Doc. 17, Pl. Resp., at 4). This statement of fact is without consequence. Plaintiff has not plead or otherwise alleged that any action has occurred in any office outside of the Middle District of Alabama, or that any of the relevant employment records are not kept there. Defendant claims that all witnesses and employment records are located in Montgomery County (Doc. 12, Def.'s Mot. to Dismiss, at 4), and Plaintiff has failed to offer evidence to the contrary.

Here, because "the exhibits contradict the general and conclusory allegations of [Plaintiff's] pleading, the exhibits govern." *See FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) ("We even treat specific facts demonstrated by exhibits as overriding more generalized or conclusory statements in the complaint itself."); *Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). The court concludes that Plaintiff, by failing to present any evidence contradicting Defendant's exhibits, has failed to carry her burden to establish venue is proper in the Northern District of Alabama under 42 U.S.C. § 2000e-5(f).

Defendant has requested that this court dismiss Plaintiff's Complaint under Rule 12(b)(3), or in the alternative, transfer this case to a district where venue is appropriate.[2] Upon a finding that venue is improper, the court may dismiss the action under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, the court may transfer the matter to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Based on a careful consideration of the pleadings, the Motion and responsive briefings, the parties' submissions, and the applicable law, the court finds Defendant's Motion (Doc. 12) is due to be granted in the alternative. Accordingly, the court will transfer proceedings in this case to the United States District Court for the Middle District of Alabama where venue is proper.

A separate order in accordance with this Memorandum Opinion will be entered.[3]

---

[2] To the extent that Defendant's Motion (Doc. 12) seeks to dismiss Count III and Count IV of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), it would be appropriate for that Motion to be adjudicated by a court in which venue is proper.

[3] In addition to arguing that venue is proper in the Northern District of Alabama, Plaintiff's Response moves this court for leave to amend her Complaint. (Doc. 18 at 9-10). Plaintiff does not, however, allege that any amendment to her proposed amended complaint could offer new facts or arguments showing that venue is proper in the Northern District.

    **DONE** and **ORDERED** this December 9, 2014.

                                                                     **R. DAVID PROCTOR**
                                                                     UNITED STATES DISTRICT JUDGE